UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1464 (CEJ) |
| BHARAT A. KHUTI, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the complaint and to dissolve the temporary restraining order (TRO) issued by this Court. Plaintiff has responded in opposition, and the issues are fully briefed.

I.  Background

On July 29, 2013, plaintiff Emerson Electric Company filed suit against its former employee, defendant Bharat Khuti, alleging breaches of noncompetition and confidentiality covenants, and seeking injunctive relief and damages. Defendant served as the Chief Technology Officer of plaintiff's wholly-owned subsidiary corporation, Avocent, where he played an instrumental role in developing a data aggregation and control platform known as Trellis. While employed by plaintiff, defendant signed agreements prohibiting competition with plaintiff for a period of two years and permanently prohibiting disclosure of protected information.

Defendant resigned from Emerson on July 17, 2013, and accepted a position as Chief Technology Officer-Software with General Electric Energy Management Company, a branch of General Electric (GE) that designs technology solutions for data management conversion and transmission. According to plaintiff, this position is so

similar to defendant's former position at Emerson that defendant's acceptance of that job breached and threatened to further breach the noncompetition and confidentiality covenants.

On July 30, 2013, after a hearing, the Court granted plaintiff's motion for a TRO, and temporarily enjoined defendant from performing work for GE as Chief Technology officer or in any other capacity involving the assessment, development, or implementation of any data aggregation and control technologies, and from providing, disclosing, disseminating, or using plaintiff's confidential, proprietary and/or trade secret information. See Doc. #13. The preliminary injunction hearing is set for February 16, 2014.

Defendant now informs the Court that GE has rescinded its offer of employment, and has filled the Chief Technology Officer-Software position with another individual. He argues that there is no longer a justiciable case or controversy before the Court, and moves to dismiss this case as moot and dissolve the TRO.

II.   Discussion

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Defendant argues that there is no longer a live controversy before the Court, because the conduct plaintiff sought to enjoin - defendant's employment by GE in a position similar to that which he held at Emerson - is no longer a possibility. Plaintiff responds that defendant's employment by a competitor is capable of repetition, yet evading review, and therefore the Court retains jurisdiction under that exception to the mootness doctrine.

The exception on which plaintiff relies is applicable when "(1) the challenged action [is] in its duration too short to be fully litigated prior to it cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975). While defendant bears the burden of establishing mootness, it is plaintiff's burden to establish that the exception to mootness applies. See, e.g., Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n, 628 F.3d 568, 576 (D.C.Cir. 2010) ("The initial heavy burden of establishing mootness lies with the party asserting a case is moot, but the opposing party bears the burden of showing an exception applies.") (internal citations and quotations omitted); see also Ramirez v. Sanchez Ramos, 438 F.3d 92, 100 (1st Cir. 2006) ("The party who asserts continuing jurisdiction (here, the plaintiff) bears the burden of establishing both that the issue is capable of repetition and that, absent relaxation of the classic mootness rule, it will evade review.").

Defendant has established that plaintiff's claims for injunctive relief are moot. Plaintiff sought to enjoin defendant from working for GE in a capacity similar to that in which he was employed by Emerson. After the issuance of the TRO, GE withdrew its offer of employment. Defendant has no offers of employment, and there is no evidence that any competitor of Emerson intends to offer defendant a job that would run afoul of the noncompetition and confidentiality covenants. Plaintiff has failed to convince the Court that there is any "reasonable expectation" (which must be more than "a mere physical or theoretical possibility," Murphy v. Hunt, 455 U.S. 478, 482 (1982)) that defendant will attempt to accept another position of employment in violation of those covenants.

Furthermore, the Court does not believe this issue will necessarily evade review. When determining whether an issue evades review, "the focus of [the] analysis… is not on the length of time over which the particular action challenged occurred. Rather, the proper inquiry is whether the [challenged] activity is *by its very nature short in duration*, so that it could not, or probably would not, be able to be adjudicated while fully live." <u>Clark v. Brewer</u>, 776 F.2d 226, 229 (8th Cir. 1985) (citation and quotations omitted); see also <u>Hickman v. Missouri</u>, 144 F.3d 1141, 1143 (8th Cir. 1998). Unlike intrinsically limited periods of time such as human gestation, <u>Roe v. Wade</u>, 410 U.S. 113, 125 (1973), political election cycles, <u>Van Bergen v. Minnesota</u>, 59 F.3d 1541, 1547 (8th Cir. 1995), or administrative segregation of inmates, <u>Clark v. Brewer</u>, 776 F.2d 226, 229 (8th Cir. 1985), the period during which a job offer may be held open for defendant will not necessarily terminate before a decision is reached on the merits.

Although the Court finds plaintiff's claims for injunctive relief to be moot, the claims for monetary damages still present a live controversy. In Count II of the complaint. plaintiff seeks damages for defendant's breach of the noncompetition and confidentiality covenants, and in Count III plaintiff seeks damages for misappropriation of trade secrets under the Missouri Uniform Trade Secrets Act (MUTSA), Mo. Rev. Stat. § 417.450, *et seq*. Defendant never actually began his employment at GE, due to the issuance of the TRO, so it is difficult to see what actual damages plaintiff can continue to claim after the job offer was rescinded. However, plaintiff may be entitled to nominal or punitive damages. See <u>Daniele v. Mo. Dep't of Conservation</u>, 282 S.W.3d 876, 880 (Mo. Ct. App. 2009) ("[I]n Missouri, it is a fundamental precept of contract law that nominal damages are available where a contract and its breach are established.") (quotations and citations omitted); see also Mo. Rev. Stat. § 417.457

(stating that, in certain cases, punitive damages are available under the MUTSA). This is enough to keep plaintiff's claims for monetary damages alive. See, e.g., DCS Sanitation Mgmt., Inc. v. Castillo, 435 F.3d 892, 895 (8th Cir. 2006) ("Although an appeal from a denial of injunctive relief may become moot by the passage of time, a claim for damages remains viable.").

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's claims as moot [Doc. #38] is **granted** with regard to plaintiff's claims for injunctive relief and **denied** with regard to plaintiff's claims for monetary damages.

**IT IS FURTHER ORDERED** that the temporary restraining order issued on July 30, 2013 [Doc. #13] is **dissolved**.

**IT IS FURTHER ORDERED** that the Order setting the preliminary injunction hearing for February 26, 2014 [Doc. #37] is **vacated** and the hearing is **canceled**.

**IT IS FURTHER ORDERED** that defendant's motion to expedite briefing and for an expedited hearing date [Doc. #40] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2014.